<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HENRY L. CORNISH, | : | |
| | : | Civil Action No. 10-6384 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC CITY POLICE | : | |
| DEPARTMENT OFFICERS, et al., | : | |
| | : | |
| Defendants. | : | |


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Henry L. Cornish
656508/441500B
Southern State Correctional Facility
4295 Rt. 47
Delmont, NJ 08314

**BUMB**, District Judge

    Plaintiff, an inmate confined at Southern State Correctional Facility in Delmont, NJ, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on or about September 24, 2006, at the FoxManner Hotel in Atlantic City, members of the Atlantic City Police Department conducted a search of his room without a warrant, in violation of his Fourth Amendment rights. Plaintiff does not give details regarding the search but states that he was later arrested and convicted based upon that search. Plaintiff states that, as a result of that conviction, he served two years of the sentence before the conviction was overturned and he was released.

Plaintiff asserts that since the conviction was based on a warrantless search, he was falsely imprisoned for the two years that he served the sentence. Plaintiff seeks compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  Deutsch v. United
States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading
requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and
plain statement of the claim showing that the pleader is entitled

3

to relief."  A complaint must plead facts sufficient at least to
"suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d
218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary;
the statement need only 'give the defendant fair notice of what
the ... claim is and the grounds upon which it rests.'" Erickson
v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

>   While a complaint ... does not need detailed factual
>   allegations, a plaintiff's obligation to provide the
>   "grounds" of his "entitle[ment] to relief" requires
>   more than labels and conclusions, and a formulaic
>   recitation of the elements of a cause of action will
>   not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
>   S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
>   dismiss, courts "are not bound to accept as true a
>   legal conclusion couched as a factual allegation").
>   Factual allegations must be enough to raise a right to
>   relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citations omitted).

The Supreme Court has demonstrated the application of these
general standards to a Sherman Act conspiracy claim.

>   In applying these general standards to a § 1
>   [conspiracy] claim, we hold that stating such a claim
>   requires a complaint with enough factual matter (taken
>   as true) to suggest that an agreement was made.  Asking
>   for plausible grounds to infer an agreement does not
>   impose a probability requirement at the pleading stage;
>   it simply calls for enough fact to raise a reasonable
>   expectation that discovery will reveal evidence of
>   illegal agreement.  And, of course, a well-pleaded
>   complaint may proceed even if it strikes a savvy judge
>   that actual proof of those facts is improbable, and
>   "that a recovery is very remote and unlikely." ...  It
>   makes sense to say, therefore, that an allegation of
>   parallel conduct and a bare assertion of conspiracy
>   will not suffice.  Without more, parallel conduct does
>   not suggest conspiracy, and a conclusory allegation of

agreement at some unidentified point does not supply
facts adequate to show illegality.  Hence, when
allegations of parallel conduct are set out in order to
make a § 1 claim, they must be placed in a context that
raises a suggestion of a preceding agreement, not
merely parallel conduct that could just as well be
independent action.

The need at the pleading stage for allegations
plausibly suggesting (not merely consistent with)
agreement reflects the threshold requirement of Rule
8(a)(2) that the "plain statement" possess enough heft
to "sho[w] that the pleader is entitled to relief."  A
statement of parallel conduct, even conduct consciously
undertaken, needs some setting suggesting the agreement
necessary to make out a § 1 claim; without that further
circumstance pointing toward a meeting of the minds, an
account of a defendant's commercial efforts stays in
neutral territory. ...

Twombly, 550 U.S. at 556-57 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").

Context matters in notice pleading.  Fair notice under
Rule 8(a)(2) depends on the type of case -- some
complaints will require at least some factual
allegations to make out a "showing that the pleader is
entitled to relief, in order to give the defendant fair
notice of what the ... claim is and the grounds upon
which it rests."  Indeed, taking Twombly and the
Court's contemporaneous opinion in Erickson v. Pardus,
127 S.Ct. 2197 (2007), together, we understand the
Court to instruct that a situation may arise where, at
some point, the factual detail in a complaint is so
undeveloped that it does not provide a defendant the

5

> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of <u>Twombly</u>, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

<u>Phillips</u>, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of <u>any</u> civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Id.</u> at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's

entitlement to relief.  A complaint has to "show" such
an entitlement with its facts.  See Phillips, 515 F.3d
at 234-35.  As the Supreme Court instructed in Iqbal,
"[w]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct,
the complaint has alleged-but it has not
'show[n]'-'that the pleader is entitled to relief.'"
This "plausibility" determination will be "a
context-specific task that requires the reviewing court
to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

## III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

## IV.  ANALYSIS

Plaintiff claims that on or about September 24, 2006, police officer and detectives of the Atlantic City Police Department entered his room at the FoxManner Hotel and conducted a search without a warrant, after which he was falsely arrested, convicted, and then falsely imprisoned for two years.  This claim must be dismissed as untimely.  See Nicholas v. Heffner, 2007 WL 933298, *2 (3d Cir. 2007) (unpubl.) ("Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible.").

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  The U.S. Supreme Court noted that, "False

arrest and false imprisonment overlap; the former is a species of the latter."  <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends. <u>Wallace</u>, 127 S.Ct. at 1095-96.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u> - when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by <u>wrongful institution</u> of legal process.  "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

<u>Wallace</u> 127 S.Ct. 1096 (emphasis in original) (citations and footnote omitted).  Similarly, any claim of constitutional deprivation arising out of the search accrued at the time of the search.

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.[1]  <u>See</u> <u>Wilson v.</u>

---

[1] However, "the accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law."  <u>Wallace v. Kato</u>, 127 S.Ct. at 1095 (emphasis in original).

Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

10

See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted),

certif. denied, 172 N.J. 178 (2002).  "However, absent a showing

of intentional inducement or trickery by a defendant, the

doctrine of equitable tolling should be applied sparingly and

only in the rare situation where it is demanded by sound legal

principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy,

in certain limited circumstances, federal courts can turn to

federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370

(3d Cir. 2000).  Under federal law, equitable tolling is

appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff
> with respect to her cause of action; (2) where the
> plaintiff has been prevented from asserting her claim
> as a result of other extraordinary circumstances; or
> (3) where the plaintiff asserts her claims in a timely
> manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, the

limitations period began to run on Plaintiff's claims no later

than the date of his trial.  Plaintiff states that he served a

term of imprisonment of two months as a result of that trial and

conviction.  Thus, the limitations period on Plaintiff's claims

ran while he was confined pursuant to the later dismissed

conviction.  Plaintiff alleges no facts or extraordinary

circumstances that would permit statutory or equitable tolling

under either New Jersey or federal law.  Thus, Plaintiff's claims
are untimely and must be dismissed with prejudice.


V.   CONCLUSION

For the reasons set forth above, the Complaint will be
dismissed without prejudice, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a
claim.  Because it is conceivable that Plaintiff could file an
amended complaint sufficient to overcome certain deficiencies
noted herein, or because it is conceivable that the Court may
have misconstrued the claims that Plaintiff intended to include
within the complaint, Plaintiff will be granted thirty days leave
to move to reopen.  Any such motion must be accompanied by a
proposed amended complaint.

An appropriate order follows.


s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: July 19, 2011

12